UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BADER MEDIA GROUP, a New York corporation,<br><br>                              Plaintiff,<br><br>        v.<br><br>FREEPLAY MUSIC, LLC, a Delaware limited liability company,<br><br>                              Defendant. | **No.**<br><br><br><br>**COMPLAINT** |

Plaintiff Bader Media Group ("Plaintiff" or "Bader"), by its undersigned attorneys, alleges for its Complaint against Defendant Freeplay Music, LLC ("Defendant" or "Freeplay") as follows:

## NATURE OF THE ACTION

1.      This is a civil action against Freeplay Music ("Defendant" or "Freeplay") seeking a declaratory judgment that Bader and its clients' use of portions of certain musical works for promotional videos and for content posted on the websites YouTube and Facebook does not constitute copyright infringement of the copyrights bearing Registration Numbers SR633-494, SR374-911, SR374-912, SR378-924, SR374-913, and SR337-200 and for damages and injunctive relief based upon Freeplay's deceptive acts and practices, and false and deceptive advertising that the music it offered through its website was "free."

2.      This case arises out of litigation threats made by Defendant, directly and through its agent TuneSat, LLC ("TuneSat") against Bader and Bader's clients, Tommy Hilfiger U.S.A., Inc. and PVH Corp. (collectively "Tommy"), stemming from videos Bader created for Tommy as well as Defendant's false and deceptive advertising designed to lure unsuspecting consumers into believing the music offered on Freeplay's website is "free."

3.      Defendant made certain musical works available for "free" download on its website, then threatened Bader and Tommy with copyright litigation for their download and/or

use of this same supposedly free content.  The threats were meant to coerce Bader and Tommy into paying Defendant a monetary amount that far exceeded Freeplay's stated cost for downloading the content (i.e., zero) or any possible legitimate copyright value—despite Bader's repeated attempts to compensate Defendant for its use.  Bader turns to the Court for relief and seeks a declaratory judgment stating that the use of the musical works at issue does not constitute copyright infringement.  Bader also seeks damages, restitution and injunctive relief under N.Y. Gen. Bus. Law §§ 349 and 350.

## THE PARTIES

4.      Bader is a limited liability company organized and existing under the laws of the State of New York, maintaining a principal place of business at 25 West 52nd Street, 16th floor, New York, New York 10019.  Bader is a global television news and web production agency that provides marketing, audiovisual, and communications services to its clients and is a global industry leader in producing same-day HD broadcasts and web magazine-blogger video news and media placement.

5.      Bader provides its services to numerous clients, including Tommy.  Bader has indemnified Tommy from any liability relating to any alleged copyright infringement for Tommy's use of Bader-provided services and must defend Tommy against any threatened or actual infringement claim, including Freeplay's threats complained of herein.

6.      Upon information and belief, Freeplay is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in New York, New York.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.  The Court has federal question jurisdiction in this matter as Bader

seeks a declaration of rights under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.,* and 28 U.S.C. §§ 2201 and 2202.

8.      Additionally, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(b) and 1367 for claims arising under state statutory law, New York Gen. Bus. Law §§ 349 and 350.

9.      Venue is proper in the Southern District of New York pursuant to 29 U.S.C. § 1391.

## FACTUAL BACKGROUND AND
## ALLEGATIONS COMMON AS TO ALL COUNTS

### A.      Freeplay's Business Model

10.      Freeplay masquerades as a legitimate "production music librar[y]" but, unlike legitimate businesses in this industry, Freeplay's business model consists of enticing consumers with the prospect of downloading "free music" and then, after the consumer has done so – which Freeplay's website has and does allow – Freeplay attempts to extort the consumer for the download and use of this "free music" by demanding exorbitant licensing fees and threatening litigation.

11.      Since its inception, Freeplay has asserted numerous copyright infringement claims against consumers who downloaded free music from Freeplay, extracting settlements in these litigations and, upon information and belief, in an untold number of other instances where the threat of litigation was enough to extract a shakedown from the consumer who thought they were downloading "free music."

12.      Freeplay's efforts to mislead the public are astonishing.  Its very name gives the impression that it is offering free music to download.  Indeed, a simple Google search for "free music" results in Freeplay's website being listed as one of the top hits.

13.     A typical consumer searching for "free music" on the internet would see the

following results:



14.     Upon entering Freeplay's website, www.freeplaymusic.com, visitors are greeted by

bold lettering claiming "FREE MUSIC FOR YOUTUBE AND MORE" as depicted below:

15.     Consumers seeking the "free music" offered by Freeplay have the opportunity to browse Freeplay's catalogue on its website.  In addition, as depicted below, Freeplay's catalog is directly accessible from Google, without the need for the consumer to visit Freeplay's website.



16.     Visitors are encouraged to download Freeplay's music with the promise of "free music."  However, after a consumer is lured into downloading such music, Freeplay then demands a costly "license fee" for the download and use of the allegedly free content, accompanied with an allegation of copyright infringement.

17.     This is because the music that Freeplay advertises as "free" is not actually "free." The disclosure that this music is not free is buried in "Terms of Use" that a typical user would never see.  In fact, users are not required to see the disclosure at any point when downloading music from Freeplay's website.

18.     Indeed, the typical consumer does not discover Freeplay's promise of providing "free music" is false until Freeplay sends the consumer a shakedown demand under the threat of

litigation if the consumer declines to pay an exorbitant "license fee," which can be 10-20 times Freeplay's own calculation of what it would cost the consumer to license the music in the first place.

19.     Additionally, Freeplay deputizes its agent, TuneSat, ostensibly a third-party entity monitoring the internet for copyright infringement, to make such payment demands.   However, in actuality both TuneSat and Freeplay were founded by Scott Schreer, the current CEO of both. These entities coordinate their efforts to maintain this deceptive scheme perpetrated on content creators, such as Bader.

20.     Upon information and belief, Freeplay's business model is based upon this "bait and switch" structure.  Upon information and belief, Freeplay generates a significant portion of its revenue through its "bait and switch" tactics, including by making aggressive license fee demands, combined with threats of copyright infringement litigation.  The unaware and unsuspecting consumer is then pressed into paying Freeplay a fee that is typically far more than what Freeplay would have charged for a license fee in the first instance.

21.     At the time when Bader downloaded the music from Freeplay that it used in the Tommy videos, Freeplay's website was and remains highly deceptive and misleading to consumers.  Through its website, Freeplay encourages consumers to download "free" music and use it in their YouTube videos, even going so far as to offer a tool on its website to assist consumer in the creation of new videos using Freeplay's music.

22.     Bader seeks a declaratory judgment of non-infringement of the alleged copyright(s) against Bader and any Bader client, including Tommy, by Freeplay.  Bader further seeks a judgment against Freeplay for violation of New York Gen. Bus. Law §§ 349 and 350.

**B.**     **Bader's Interaction with Freeplay**

23.     Bader is in the business of providing media content to clients and provides marketing, audiovisual and communications services to its clients.  Bader's clients then use this multi-media content in a variety of ways, including posting on their YouTube channels or other social media platforms.

24.     Freeplay is in the business of providing online media content to consumers, who are often media content providers themselves, like Bader.  Freeplay markets itself as offering "free" music to download through its website. However, as discussed above, the reality is that Freeplay is a for-profit enterprise that entices consumer to download its music, by asserting the use of such music is free, including the use of such music on YouTube.  After the consumer has downloaded and used the music, Freeplay then contacts the consumer and demands a "license fee" for the allegedly unauthorized use of the copyrighted material.  Many consumers, like Bader, would not have utilized this "free" music had Freeplay been truthful in is advertising and disclosed these "licensing fees" to begin with.

25.     For Tommy, Bader downloaded and utilized Freeplay's content for several promotional campaigns which included the production of several videos.

26.     Upon being approached by Freeplay regarding the alleged copyright infringement contained in the Tommy videos, Bader sought to resolve this matter on behalf of itself and Tommy.  Freeplay ultimately conceded that it had no justiciable claims of copyright infringement against Bader.  As such, Bader believed a speedy resolution could be achieved relating to Bader's use of the copyrighted material for Tommy.  Unfortunately, settlement could not be reached.

### C.   Freeplay's History of Litigation

27.   Freeplay's bait-and-switch business model is enforced through aggressive litigation tactics. As such, the company has an extensive history of filing actions against alleged copyright infringers.  Freeplay's history of litigation includes, but is not limited to the following actions:

a.   Freeplay Music, LLC v. Broadband TV Corp., Case No. 1:15-cv-01121-AT (S.D.N.Y. Feb. 17, 2015);

b.   Freeplay Music, LLC v. Awesomeness, LLC, et. al.  Case No. 1:15-cv-01119-GBD-HBP (S.D.N.Y. Feb. 17, 2015);

c.   Freeplay Music, LLC v. Maker Studios, Inc., Case No. 1:15-cv-01122-PGG (S.D.N.Y. Feb. 17. 2015);

d.   Freeplay Music, LLC v. Intellitek, Inc., Case No. 1:15-cv-03866-KPF (S.D.N.Y. May 19, 2015);

e.   Freeplay Music, LLC v. Adams Chevrolet, Inc., Case No. 1:15-cv-03889-RA (S.D.N.Y. May 20, 2015).

f.   Freeplay Music, LLC v. Accessible Technologies Inc., Case No. 1:15-cv-04944-AJN (S.D.N.Y. Jun. 24, 2015).

g.   Freeplay Music, LLC v. Liberty Helicopters, Inc. Case No. 1:14-cv-09758-PAE (S.D.N.Y. Dec. 10, 2014).

28.   Plaintiff has no desire to join the ranks of those strong-armed by Defendant's techniques into overpaying for material advertised as free to the public.

## FIRST CAUSE OF ACTION

(Declaratory Judgment for Non-Infringement of Copyright)

29.    Plaintiff re-alleges herein by reference each and every allegation contained in paragraph 1 through 28 inclusive of this Complaint as if set forth fully herein.

30.    This is a declaratory judgment action pursuant to the Copyright Act of 1975, 17 U.S.C. §§ 101 *et seq*., and 28 U.S.C. §§ 2201 and 2202.

31.    There is an actual and justiciable controversy between Plaintiff and Defendant concerning whether the Tommy videos constitute copyright infringement of any copyrights, as evidenced by way of credible threats of immediate litigation by Freeplay against Tommy, for whom Bader is the indemnitor and must defend against any such litigation.

32.    Bader is entitled to declaratory judgment that it and its clients are not infringing, have not infringed, and are not liable for infringing any copyright owned by Freeplay relating to any media downloaded from Freeplay's website, either directly or by inducing others to infringe by contributing to infringement by others.

33.    Bader is further entitled to a declaratory judgment that Freeplay's deceptive conduct, as discussed above, prohibits copyright enforcement by Freeplay against Bader and its clients.

## SECOND CAUSE OF ACTION

(Deceptive Acts and Practices N.Y. Gen. Bus. Law § 349)

34.    Plaintiff re-alleges herein by this reference each and every allegation contained in paragraphs 1 through 33, as if set forth fully herein.

35.    Defendant has committed, and continues to commit, deceptive acts and business practices in violation of N.Y. Gen. Bus. Law § 349 through its online presence and through its

false and misleading descriptions and representations on its website that the music it offers is "free."

36.     Defendant's website advertises thousands of free music titles available to download to members of the public.  Even its name, "Freeplay" suggests a service based on the provision of complimentary music.

37.     However, what was marketed as free to the public, in fact comes at a cost far above reasonable value of the copyrighted material if Freeplay's deceptive licensing tactics are succesful.

38.     Defendant's false, deceptive, and misleading descriptions and representations that its music is "free," without disclosure, or adequate disclosure, of the conditions and limitations under which it purports to license its music, are deceptive and materially misleading.

39.     Defendant's false, deceptive, and misleading advertising and statements of fact are directed toward consumers in general, and have resulted in consumer injury and harm to the public interest in the State of New York and nationwide, and threaten to result in more harm.

40.     The transactions by which Defendant caused such harm occurred in the State of New York.  These transactions include, among other things, the purporting licensing and downloading transactions that took place off Defendant's website, which is, upon information and belief, maintained and operated in New York.

41.     Defendant's conduct has caused, and will continue to cause, irreparable injury to consumers in the State of New York, to Bader and to Bader's clients, including injury to businesses, reputations, goodwill and viewership, for which there is no adequate remedy at law. Bader is entitled to an injunction restraining Defendant, its agents, employees, representatives and all persons acting in concert with it from engaging in further acts of false advertising, and ordering the removal of all Defendant's false advertisements.

42.     As a result of Freeplay's material misrepresentations, Plaintiff has suffered injury in amount to be proven at trial and has expended legal fees in order to engage in a protracted negotiation process in the hopes of settlement.  Moreover, Plaintiff has been forced to preemptively litigate in order to combat Defendant's predatory litigation tactics.

43.     Defendant's conduct is and, at all relevant times, has been willful, deliberate, intentional, and in bad faith.  Accordingly, Bader is entitled to recover treble damages and reasonable attorney's fees.

## THIRD CAUSE OF ACTION

### (Violation of N.Y. Gen. Bus. Law § 350)

44.     Plaintiff re-alleges herein by reference each and every allegation contained in paragraph 1 through 43, inclusive of this Complaint as if set forth fully herein.

45.     Defendant has made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements that constitute false advertising under state law, including the New York General Business Law § 350.

46.     Defendant's false, misleading, and deceptive representations that its music is "free," without adequate disclosure of the conditions and limitations under which its music is not actually free are deceptive and materially misleading.

47.     Defendant's false, misleading, and deceptive representations and advertisements are directed toward consumers, and have resulted in consumer injury and harm to the public in the State of New York and throughout the United States.

48.     The transactions by which such harm was caused occurred in the State of New York.  These transactions include, among other things, the licensing and downloading transactions that took place on Defendant's website that, upon information and belief, is maintained and operated in the State of New York.

49.     Defendant's conduct has caused, and will continue to cause, irreparable injury to consumers in the State of New York, to Bader and to Bader's clients, including injury to businesses, reputations, goodwill and viewership, for which there is no adequate remedy at law. Bader is entitled to an injunction restraining Defendant, its agents, employees, representatives and all persons acting in concert with it from engaging in further acts of false advertising, and ordering the removal of all Defendant's false advertisements.

50.     As a result of Freeplay's material misrepresentations, Plaintiff has suffered injury in amount to be proven at trial and has expended legal fees in order to engage in a protracted negotiation process in the hopes of settlement.  Moreover, Plaintiff has been forced to preemptively litigate in order to combat Defendant's predatory litigation tactics.

51.     Defendant's conduct is and, at all relevant times, has been willful, deliberate, intentional, and in bad faith.  Plaintiff is thus entitled to recover treble damages and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment in its favor against Defendant as follows:

A.     Declaring that Plaintiff's conduct did not constitute copyright infringement;

B.     Prohibiting Defendant from enforcing any copyright against Plaintiff and its clients;

C.     Restitution for all money, property, profits, and other benefits acquired by Defendant by means of its deceptive business practices;

D.     For a preliminary and permanent injunction enjoining Defendant from engaging in, committing, or performing, directly or indirectly deceptive acts or practices as defined in New York Gen. Bus. Law §§ 349 and 350;

E.     Awarding Bader damages sustained as a result of Defendant's wrongful conduct;

F.      The foregoing damages and profits be trebled and awarded to Bader as a result of

Defendant's willful, intentional and deliberate acts;

G.      For costs of suit and attorneys' fees incurred herein; and

H.      Granting such other and further relief as the Court deems just and proper.

Dated: December 28, 2016                    KELLEY DRYE & WARREN LLP

By:      */s/ Michael J. Zinna*
          Michael J. Zinna (MZ-3009)
          101 Park Avenue
          New York, NY 10178
          (212) 808-7800
          mzinna@kelleydrye.com

          *Attorney  for Plaintiff Bader Media Group*